UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DOROTHY MELGAREJO,

              Plaintiff,

      -against-                MEMORANDUM AND ORDER
                                    07-CV-1583 (JS)(WDW)
UNITED STATES OF AMERICA and
UNITED STATES POSTAL SERVICE,

              Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:    Regina C. Nichols, Esq.
                 Nichols & Cane, LLP
                 6800 Jericho Turnpike, Suite 120W
                 Syosset, NY 11791

For Defendants:   Robert B. Kambic, Esq.
                 United States Attorney's Office
                 Eastern District of New York
                 610 Federal Plaza, 5th Floor
                 Central Islip, NY 11722

SEYBERT, District Judge:

        On April 17, 2007, Plaintiff Dorothy Melgarejo ("Plaintiff") commenced this action against Defendants United States of America and United States Postal Service (collectively, "Defendants") alleging a cause of action for negligence pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq. Presently pending is Defendants' motion to dismiss pursuant to Rules 12(b)(1).[1] For the reasons discussed herein, Defendants' motion to dismiss is GRANTED.

---

[1] Plaintiff has not filed an opposition to the pending motion.

BACKGROUND

The facts set forth in this Order are taken from the Complaint and are presumed to be true for the purposes of deciding the pending motion to dismiss.

At approximately 10:00 a.m. on or about April 18, 2005, Plaintiff was at the Post Office located at 40 Queen Street, Syosset, New York to pick up a box that was not delivered to her home. (Compl. ¶¶ 10-11.) The box contained exercise equipment. (Id. ¶ 11.) Plaintiff requested assistance with the box but received none. (Id.) As a result, Plaintiff attempted to lift the box and injured her back. (Id.) Plaintiff alleges that because of Defendants' negligence and carelessness in failing to assist her with the box, Defendants are liable for her injuries. (Id. ¶ 12.)

Plaintiff delivered a Notice of Claim to Defendants on April 13, 2007, four days prior to commencing this action. (Id. ¶ 5.) As of the date Plaintiff filed her Complaint, she had not received any formal denial of her claim. (Id. ¶ 6.)

DISCUSSION

I. Standard Of Review Under Rule 12(b)(1)

In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 n.6 (2d Cir. 2001). Under Rule

12(b)(1), the Court will deem true the factual allegations contained in the Complaint. See Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). When, however, there is a question involving federal jurisdiction, such jurisdiction must be shown affirmatively. See Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515, 45 S. Ct. 145, 69 L. Ed. 413 (1925)); see also Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."). Furthermore, the Court will not draw references favorable to the party asserting jurisdiction. See Shipping Fin. Servs. Corp., 140 F.3d at 131.

II. Lack Of Subject Matter Jurisdiction

A. Sovereign Immunity

As Defendants correctly point out, "the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980) (internal quotation marks and citations omitted). Moreover, because the doctrine of sovereign immunity is jurisdictional in nature, Plaintiff "bears the burden of establishing that [her] claims fall within an applicable waiver." Makarova, 201 F.3d at 113.

3

The FTCA provides a waiver of sovereign immunity for certain tort claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of a Government employee acting within the scope of his employment. 28 U.S.C. § 1346(b); see also Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80 (2d Cir. 2005). "This waiver, however, operates subject to numerous conditions, each of which must be satisfied for a court to exercise jurisdiction." Adeleke v. United States, 355 F.3d 144, 153 (2d Cir. 2004).

B. Failure To Exhaust Under FTCA

It is well settled that the "FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." Celestine, 403 F.3d at 82 (citing McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993)). The FTCA provides, in pertinent part, that

> an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency <u>and his claim shall have been finally denied</u> by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after

> it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added); see also Barrett v. Internal Revenue Serv., No. 06-CV-1403, 2007 U.S. Dist. LEXIS 49582, at *8 (S.D.N.Y. July 11, 2007) ("This prerequisite applies to claims against the Postal Service."). In other words, in order to bring a claim pursuant to the FTCA, a plaintiff must await either a final administrative disposition or the passage of six months prior to filing suit in federal district court. See 28 U.S.C. § 2675(a).

Plaintiff filed her Complaint on April 17, 2007. As Plaintiff concedes in her Complaint, she filed a Notice of Claim on or about April 13, 2007 and, as of April 17, 2007 - four days later - she had not yet received any formal denial of her claim. (Compl. ¶¶ 5-6.) It is clear from the face of the Complaint, therefore, that Plaintiff had not received a final disposition of her claim at the time she filed suit and failed to wait the requisite six months before filing suit. Accordingly, Plaintiff failed to exhaust her administrative remedies pursuant to the FTCA, and, therefore, this Court lacks jurisdiction over the action.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Complaint is DISMISSED without prejudice, and the Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
March 6, 2008